# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br>    **Plaintiff,**<br><br>V.<br><br>THE ESTATE OF QUINTON DOUG WHITAKER, et al.,<br>    **Defendants.** | CIVIL NO. 6:18-159-KKC<br><br><br>**ORDER & OPINION** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff U.S. Specialty Insurance Company's ("USSIC") motion to dismiss Defendants' counterclaims [DE 10] and the parties' cross-motions for summary judgment. [DE 20; DE 21.] The parties have also stipulated to a set of facts. [DE 19.] For reasons set forth below, USSIC's motion for summary judgment [DE 21] is **GRANTED** and the Defendants' motion for partial summary judgment [DE 20] is **DENIED**. Because the Court enters summary judgment in favor of USSIC it will also **GRANT** its motion to dismiss the Defendants' counterclaims on the same grounds. [DE 10]

## BACKGROUND

The parties have stipulated to the following facts.

1 - On November 12, 2017, Scott Thomas Foster ("Mr. Foster") was an owner of a 1965 Piper PA-32-260 airplane, FAA Registration No. N3371W (the "Aircraft").

2 - On November 12, 2017, Mr. Foster piloted the Aircraft and had three passengers on board: his son, Noah Foster, and two friends, Quinton Douglas Whitaker ("Mr. Whitaker") and Dr. Kyle Patrick Stewart ("Dr. Stewart").

1

3 - On November 12, 2017, the Aircraft crashed when piloted by Mr. Foster. Mr. Foster and the three passengers, Noah, Mr. Whitaker, and Dr. Stewart were fatally injured.

4 - At the time of the crash, U.S. Specialty Insurance Company ("USSIC") issued an aircraft insurance policy, Policy No. AC3006792-01 (the "Policy"). The Policy insured Scott Thomas Foster and identified the Aircraft in the Policy.

5 - On December 14, 2017, the Estate of Mr. Whitaker was opened in the Pulaski County District Court, Pulaski County, Kentucky, Case No. 170 P-00569. Sara Whitaker is the Executrix of Mr. Whitaker's estate.

6 - Mr. Whitaker is survived by his spouse, Sara Whitaker, and three minor children.

7 - The Policy contains the following pertinent provisions:

**PART THREE**
**LIABILITY TO OTHERS**

Review Item 6 of **your** Coverage Identification Page to confirm the particular liability coverages and limits issued to **you.**

1. What **We** Cover

   **We** will pay damages **you**, and **anyone we** protect, are legally required to pay for **bodily injury** or **property damage** caused by an **occurrence** during the policy period.

   e. Coverage DL covers **bodily injury** to **passengers** and others and **property damage** in a combined limit of liability for each **occurrence** which includes a lower limit for each **passenger**.

   The most **we** will pay for **bodily injury** to each **passenger** is shown in Item 6DL opposite "each person". The most **we** will pay for all **bodily injury** and **property damage** is shown in Item 6DL opposite "each occurrence".

8 - The above referenced ("Coverage DL") is found in the coverage identification page and provides as follows:

| FAA NUMBER | LIABILITY TO OTHERS | A Bodily Injury Excluding Passengers | B Passenger Bodily injury | C Property Damage | D Single Limit Bodily Injury/ Property Damage | DL Single Limit Bodily Injury/ Property Damage Limited Pass. | E Medical Expense |
|---|---|---|---|---|---|---|---|
| N3371W | each person | $ | $ | | | $ 100,000 | $ 5,000 |
| | each occurrence | $ | $ | $ | $ | $ 1,000,000 | $ 30,000 |

9 - Passenger is defined under the Policy as "any person who is in the aircraft or getting in or out of it."

10 - USSIC tendered $100,000 which it maintains in the Policy limit for all claims arising from Mr. Whitaker's death.

11 - Defendants rejected USSIC's offer and maintain Mr. Whitaker's estate, Mrs. Whitaker, and their three minor children are each entitled to a claim up to $100,000 for their claims emanating from Mr. Whitaker's death.

## DISCUSSION

### A.

Pursuant to Rule 56(c), summary judgment is appropriate if "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, the parties have submitted stipulated facts, making the issue before the Court purely one of law. *See Allstate Indem. Co. v. Shoopman*, No. CIV.A. 09-83-KSF, 2009 WL 2342736, at *2 (E.D. Ky. July 28, 2009). The use of summary judgment is therefore proper. *Finnell v. Cramet*, Inc., 289 F.2d 409, 414 (6th Cir. 1961).

**B.**

Because this action is grounded in diversity, the Court will apply the substantive law of Kentucky. *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). In Kentucky, "the interpretation of insurance contracts is a matter of law for the Court" to decide and is properly determined through summary judgment when there are no material factual disputes. *West Am. Ins. Co. v. Prewitt*, 401 F.Supp.2d 781, 783 (E.D. Ky. 2005), *aff'd*, 208 Fed.Appx. 393 (6th Cir. 2006). As noted by Kentucky courts, insurance contracts "should be liberally construed and any doubts resolved in favor of the insured." *Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872, 878 (Ky. 2006). That said, "[t]he terms of insurance coverage should not be extended beyond any clear or unambiguous limit." *Masler v. State Farm Mut. Ins. Co.*, 894 S.W.2d 633, 635–56 (Ky.1995).

**C.**

The parties here offer competing interpretations of the USSIC Policy held by Mr. Foster at the time of the accident. Defendants claim that the language of the Policy allows for coverage up to $100,000 for each person making a claim related to the death of a passenger—subject only to the $1,000,000 aggregate incident cap. Per this interpretation of the Policy, Sara Whitaker and her three minor children would be entitled to bring a wrongful death claim, along with four separate loss of consortium claims, for a total of $500,000. [DE 20-1, at 8.] On the contrary, USSIC maintains that the limit of liability for damages resulting from the death of any one passenger is $100,000. Under this theory, Sara Whitaker and her children would only be able to recover a total of $100,000, regardless of how many separate consortium claims they opted to bring. Upon review, the Court determines that the interpretation offered by USSIC is the correct one.

In seeking to recover additional compensation, Defendants first point to the language of Part Three, Paragraph 1(e) of the Policy. This section states that "[c]overage DL covers bodily injury to passengers and *others* and property damage in a combined limit of liability for each occurrence which includes a lower limit for each passenger." Defendants submit that the term "others," as it appears in Paragraph 1(e), is ambiguous. And according to them, the ambiguity requires the Court to construe the language of the Policy in favor of the insured. Such a construction would qualify Sarah Whitaker and her three minor children as "others" for the purposes of Paragraph 1(e), entitling each to the separate per-person limits of $100,000.

The problem with this argument is that Paragraph 1(e) of USSIC's Policy is not ambiguous. Right off the bat, it is clear that the term "others" does not refer to individuals—such as Sara Whitaker and her children—seeking to recover on separate loss of consortium claims related to the death of a passenger. Instead, it refers to those on the ground who suffer injury as a result of a plane crash. The harsh but true reality is that planes do not always crash in empty fields. And because the Policy provides coverage for claims brought by this class of individuals, the Defendants' suggestion that there is $400,000 of "illusory" coverage is fruitless.

Next, even though Sara Whitaker and her three children are not "others" for the purposes of Paragraph 1(e) of the Policy, they are still entitled to seek recovery from USSIC for the death of Mr. Whitaker. Their aggregate recovery, however, is capped at $100,000. The Defendants' arguments otherwise are without merit. The Kentucky law is crystal clear that loss of consortium and other derivative claims are to be included in the per-person limits for insurance policies. *Moore v. State Farm Mut. Ins. Co.*, 710 S.W.2d 225, 226 (Ky. 1986) ("[A]ll damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation."); *State Farm Mut. Auto. Ins. Co. v. Calvert Ins. Co.*, 978 F.2d 1259 (6th Cir.

1992) ("Under Kentucky law, 'per person' dollar limitations in insurance policies are to be applied to all claims for damages arising out of a single personal injury, whether the claim is made by the person who suffered the physical injury or by another."). Moreover, Defendants' attempts to distinguish the Policy at issue from the one in *Moore vs. State Farm Ins. Co.* are unavailing. 710 S.W.2d at 226.

In sum, the Court determines that the language of the Policy is unambiguous. The term "others" as it appears in Paragraph 1(e) refers to individuals on the ground who are injured as a result of a plane crash. It is also apparent from the Policy that the recovery for each passenger of Mr. Foster's plane, including Mr. Whitaker, is capped at $100,000. This $100,000 per-passenger limit includes derivative and consequential claims. As such, Defendants, as survivors of Mr. Whitaker, may not seek additional recovery by way of loss of consortium claims.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff USSIC's motion for summary judgment [DE 21] and **DENIES** Defendants' partial motion for summary judgment. [DE 20.] Because the Court has now granted summary judgment in favor of USSIC, it will also **GRANT** the pending motion to dismiss Defendants' counterclaims. [DE 10.]

Dated April 8, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY